THOMAS E. BURROUGH, RESPONDENT, v. NEW JERSEY
GAS COMPANY, APPELLANT.

Submitted December 6, 1915—Decided March 6, 1916.

A witness' general or special knowledge of real estate values in the
locality does not qualify him to testify to the diminution in value
of a property by reason of the destruction of shade trees standing
in the highway in front of it.

On appeal from the Supreme Court.

For the appellant, *Louis H. Miller.*

For the respondent, *Edward C. Waddington.*

The opinion of the court was delivered by

PARKER, J.   Plaintiff claims that defendant negligently
constructed and maintained the gas pipes and connections in
the street in front of plaintiff's homestead property, and that
in consequence thereof gas escaped and killed plaintiff's shade
trees and thereby injured his property.   At the trial witnesses
were called to give expert testimony as to the diminution in
value of the property by the loss of the trees.   It was objected
that they were not shown to be properly qualified, but the
trial court admitted their testimony over objection and excep-
tion, and this action is assigned among the grounds of appeal.

The witness Evans testified that he owned property in the
locality; had bought property but never sold, nor placed a

.mortgage on property; had placed fire insurance on buildings; was a farmer and director of an insurance company, and as such dealt with values of real estate in the neighborhood, and thought he knew pretty nigh the value of all the properties around there; that a property is worth more with shade trees than without. He was then allowed to testify over objection and exceptions, to the reduction in money value of plaintiff's premises by the loss of the trees.

The witness Kier said that he lived and owned property in the locality; had placed two mortgages and thought he knew property values there pretty well; had lived there twenty-three years; his business was farming and pork butchering; knew plaintiff's place and the trees; had found in his experience that shade trees did add to the value of property (objection and exception), and then testified, over objection for non-qualification and exception, to the diminution in value by loss of the trees.

The test by which the trial court is to determine the competency of a witness offered as an expert, to give expert testimony, has been laid down in several recent cases in this court. The rule enunciated in *Elvins* v. *Delaware and Atlantic Telephone Co.*, 63 *N. J. L.* 243, 247, cited at the trial, that the witness must have some special knowledge of the subject, has been reiterated in *Pennsylvania, &c., Railroad Co.* v. *Schwarz*, 75 *Id.* 801 (damage to real estate by a tunnel two hundred feet below the surface); *VanNess* v. *Telephone Company*, 78 *Id.* 511 (shade trees), and *Crosby* v. *East Orange*, 84 *Id.* 708 (drying up of a well). In each of these cases, as in the Supreme Court case of *Pennsylvania, &c., Railroad* v. *Root*, 53 *Id.* 253, the witnesses had general knowledge of real estate values, but, as we said in the Van Ness case, special knowledge of the value of real estate in a given locality does not imply ability to estimate the value of ornamental or shade trees. 78 *Id.* 513. It is obvious, from a reading of the preliminary testimony of the two witnesses, that neither testified to anything that would justify the court in a finding that he had any special knowledge of the monetary value of shade trees as an adjunct to a residential property in that locality. It was,

therefore, error to permit them to testify as experts on this subject, and for this error there must be a reversal.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 15.